# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:05CV532-C

| | | |
|---|---|---|
| AMANDA U. AJULUCHUKU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | **AND ORDER** |
| WACHOVIA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" (document #11) and "Memorandum ... in Support ..." (document #12), both filed January 31, 2006; and the pro se Plaintiff's "Objection ..." (document #13) and "Memorandum ..." (document #14), respectively filed on February 7 and 13, 2006.

On February 15, 2006, the Defendant filed its "Reply ..." (document #15).

On February 16, 2006, the Plaintiff filed a one-page document which the Clerk of Court docketed as a "Motion to Reclassify Lawsuit," in which the Plaintiff clarifies that she is seeking relief under the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12188(a)(1) and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"). See Document #16.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will deny as moot the Plaintiff's "Motion to Reclassify Lawsuit," and respectfully recommend that the Defendant's "Motion to Dismiss" be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On December 27, 2005, the pro se Plaintiff filed her Complaint alleging that on November 14, 2005, and because of her national origin, which is not disclosed in the record, and despite the fact that she walked with the assistance of a cane, employees of the Defendant Wachovia Corporation working in the Defendant's Howell Road branch bank in Atlanta, Georgia, required her to wait standing while they processed a $200 cash advance on the Plaintiff's VISA credit card issued by Orchard Bank.[1]

Applying the deferential standard of review extended to the "inartful" pleadings of pro se litigants, discussed below, the Plaintiff has attempted to allege claims under the ADA and Title II. The Plaintiff seeks "$9,000,000,000,000 [nine trillion dollars] for all her children, [her] son and [her]self as compensatory and punitive damages as a matter of law."  Document #1 at 4.

On January 31, 2005, the Defendant filed its Motion to Dismiss.

On February 16, 2006, the Plaintiff filed her "Motion to Reclassify Lawsuit."  Because as discussed below, the undersigned is required to consider the Plaintiff's purported claims under both the ADA and Title II in any event, and because those claims are clearly meritless, the Plaintiff's Motion will be denied as moot.

The Defendant's Motion to Dismiss has been fully briefed and is, therefore, ripe for disposition.

---

[1]Whatever the Plaintiff's national origin, she ascribes unlawful animus to the Defendant's branch employees, whom the Plaintiff repeatedly describes as "pitch black."

## II.  DISCUSSION OF CLAIMS

### A.  Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.  1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff.  Accord Haines

v. Kerner, 404 U.S. 519, 520 (1972) (instructing court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

## B. ADA Claim

In this case, even taking the limited allegations of the pro se Complaint as entirely true, and construing every possible inference therefrom in the Plaintiff's favor, her purported ADA claim must be dismissed. Although the ADA does mandate "equal access" to "public accommodations," which unlike "public accommodations" under Title II, discussed below, includes banks, the complaining party may not recover money damages and, instead, may seek only equitable or injunctive relief designed to correct the offending condition. Accord 42 U.S.C. § 12188(a)(1) (in context of public accommodation, "whenever any person has engaged ... in any practice prohibited [by the ADA] ... a civil action for preventive relief, including an application for permanent or temporary injunction, restraining order ... may be instituted by the person aggrieved"); and Lyle v. Village of Golden Valley, 310 F.Supp. 852, 854 (D.C. Minn. 1970). In other words, assuming for the purposes of this motion only that being deprived of a place to sit while she waited for her money otherwise deprived the Plaintiff of her rights under the ADA, she may not maintain an action for damages, and therefore the undersigned must respectfully recommend that the Defendant's Motion to Dismiss be granted as to her ADA claim.

## C. Title II Claim

42 U.S.C. § 2000a(a) provides that "[a]ll persons shall be entitled to the full and equal

enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place

of public accommodation, as defined in this section, without discrimination or segregation on the

ground of race, color, religion, or national origin."

42 U.S.C. § 2000a(b) defines "public accommodation" as:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests ... (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station; (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and (4) any establishment which is physically located within the premises of any establishment otherwise covered by this subsection.

There is no published authority in any circuit considering whether a bank is a "public

accommodation" within the meaning of Title II.[2]  However, the courts that have considered whether

to expand Title II "public accommodation" status to establishments other than those listed in §

2000a(b) have decided those issues in the negative.  See, e.g., Cuevas v. Sdrales, 344 F.2d 1019,

1021 (10th Cir. 1965) ("[m]any business establishments were not included within the scope of [42

U.S.C. § 2000a]"), cert. denied, 382 U.S. 1014 (1966); and  Halton v. Great Clips, Inc., 94 F.Supp.2d

856, 862 (N.D. Ohio 2000) (hair salon in shopping center not public accommodation under 42 U.S.C

§ 2000a, noting that "if Congress wanted to include, within the meaning of the statute, other types

of establishments such as a service establishment, it could have amended Title II; after all, Congress

had over three decades to do so").

In Halton, the Court expressly held that although other establishments located in a mall or

---

[2]Although recognizing that unpublished district court decisions have no precedential value, the undersigned notes that the two district courts to consider the issue have held that a bank is not a Title II public accommodation. See  Wilson v. Harding, 1999 WL 203458, *2 (D.Kan. 1999) ("[d]efendants, a bank and two of its employees, clearly are not covered by [Title II]"); Terry v. Lasalle Nat'l Bank, 1985 WL 4242, *3 (N.D.Ill. 1985) (dismissing Title II claims against bank).

otherwise nearby, such as restaurants, were undoubtedly public accommodations, their presence did not bring the disputed establishment within Title II's coverage. 94 F.Supp.2d at 863 (covered "premises" under 42 U.S.C. § 2000a is space rented by the defendant, not "an entire shopping center or mall where the party has no control over who the other tenants may be and whether the other tenants will operate covered establishments," concluding that any other reading would bring every establishment in any mall or shopping center within the statute's purview, which Congress clearly did <u>not</u> intend).

For the same reasons, the Court concludes that neither the Defendant Wachovia Corporation generally nor its Howell Road branch is a "public accommodation" under 42 U.S.C. 2000a(b), and will therefore respectfully recommend that the Defendant's Motion to Dismiss also be <u>granted</u> as to the Plaintiff's Title II claim.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (document #11) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### IV. <u>ORDER</u>

**IT IS HEREBY ORDERED** that:

1.  The Plaintiff's "Motion to Reclassify Lawsuit" (document #16) filed February 16, 2006 is **DENIED AS MOOT**.

2.  All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## V. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).   Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 17, 2006

Carl Horn, III
United States Magistrate Judge